IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV427

| | | |
|---|---|---|
| JOSEPH DEBLAKER and JERRY CHRISTOPHER and KRISTIE E. THORNE, individually and on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| MI WINDOWS AND DOORS, INC., | ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon Defendant's Motion to Dismiss, or Alternatively, for Judgment on the Pleadings pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

This putative class action involves allegedly defective windows manufactured by the Defendant and installed in houses owned by the Plaintiffs. Plaintiffs allege that the defective windows allowed water to leak into the homes causing mold and other property damage. Defendant issued a Limited Warranty on the windows it sold. The warranty is restricted to ten years from purchase, is limited to the original homeowner, or to the second owner of the home if sold within five years of purchase, and does not cover labor and/or installation costs associated with window replacement.

Plaintiff DeBlaker is not the original owner of his home and thus the Defendant's Limited Warranty does not apply to him. DeBlaker asserts claims against the Defendant for

1

negligence in the design and manufacture of the windows (Count I) and for a violation of section 75-1.1 of the North Carolina General Statutes (Count II).

The Thornes are original homeowners but allege that Defendant breached the express warranty attached to the Amended Complaint by failing to "pay for 100% of the costs associated with the removal of the faulty windows and installation of the replacement windows, including all labor costs." (Am. Compl. ¶ 46). They also allege that the warranty exclusion of labor and installation costs is unconscionable.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6) or a motion for judgment on the pleadings pursuant to Rule 12(c), the court must consider whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). However, the court need not accept legal conclusions drawn from the facts, unwarranted inferences, unreasonable conclusions, or arguments. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Defendant argues that DeBlaker's claims must be dismissed because they are barred by the economic loss rule. The economic loss rule bars recovery for purely economic loss in tort when a contract exists between the parties. *See Ports Authority v. Lloyd A. Fry Roofing Co.*, 294 N.C. 73, 81-83, 240 S.E.2d 345, 350-51 (1978), *rejected in part on other grounds*, *Trustees of Rowan Tech. College v. J. Hyatt Hammond Assoc., Inc.*, 313 N.C. 230, 328 S.E.2d 274 (1985). There is no dispute that DeBlaker and the Defendant are not in privity of contract and DeBlaker has no recourse under the warranty because he is the third owner of the home.

North Carolina courts have repeatedly held that the economic loss rule does not bar a negligence claim when the parties are not in privity of contract. *See Lord v. Customized Consulting Specialty, Inc.*, 182 N.C. App. 635, 643 S.E.2d 28 (2007), *disc. rev. denied*, 361 N.C.

694, 652 S.E.2d 647 (2007); *Oates v. JAG, Inc.*, 314 N.C. 276, 333 S.E.2d 222 (1985); *Hospira, Inc. v. Alphagary Corp.*, 194 N.C. App. 695, 671 S.E.2d 7 (2009). However, courts do apply the economic loss rule even in the absence of a contract between the parties so long as the plaintiff has a contract or warranty remedy against the defendant. *See Kelly v. Georgia-Pacific, LLC*, 671 F.Supp.2d 785, 795-796 (E.D.N.C. 2009). Thus, in applying the economic loss rule, North Carolina courts focus on the availability of a contractual remedy, including a remedy for breach of warranty. *Id.* at 794.

Applying the economic loss rule to bar DeBlaker's negligence claim herein would deprive him of any remedy, as he has no contractual or warranty remedy, and would be contrary to North Carolina law. Accordingly, the court will deny Defendant's motion to dismiss Counts I and II by operation of the economic loss rule.

Defendants argue that a misrepresentation-based claim under Section 75-1.1 requires a showing of actual reliance. Since DeBlaker does not plead, and cannot show actual reliance on the warranty, his unfair and deceptive trade practices claim must fail.

The elements of a claim for unfair and deceptive trade practices are: (1) an unfair or deceptive act or practice; (2) in or affecting commerce; (3) that proximately causes actual injury to the plaintiff. *Walker v. Fleetwood Homes of North Carolina*, 362 N.C. 63, 71-72, 653 S.E.2d 393, 399 (2007). To prevail on an unfair trade practices claim, a plaintiff need not show fraud, bad faith, or actual deception. *RD & J Props. v. Lauralea-Dilton Enters., LLC,* 165 N.C. App. 737, 747, 600 S.E.2d 492, 500-01 (2004). Instead, it is sufficient if a plaintiff shows that defendant's act possessed the tendency or capacity to mislead or create the likelihood of deception. *Id.* Where the unfair and deceptive trade practices claim is based upon an alleged misrepresentation, the plaintiff must be able to establish that he actually relied on the

3

misrepresentation in order to establish that the misrepresentation proximately caused the injury. *Sunset Beach Dev., LLC v. AMEC. Inc.*, 196 N.C.App. 202, 211, 675 S.E.2d 46, 53 (2009).

The Amended Complaint does not allege that the Defendant made a specific misrepresentation to the Plaintiff DeBlaker, thus triggering the requirement of actual reliance. Rather, the basic allegations of the Amended Complaint are that the Defendant knew of the defective nature of the windows and yet continued to sell and distribute them to customers and retailers. These allegations state a plausible claim for unfair and deceptive trade practices.

Defendants argue that the Thorne Plaintiffs fail to state a claim for breach of warranty because they fail to allege an actual breach of the warranty attached to the Amended Complaint. It is undisputed that the warranty attached to the Amended Complaint does not actually apply to the Thornes due to its effective date. However, the Defendant has attached a warranty to its brief that purportedly does apply to the Thornes. The court will allow the Thornes an opportunity to amend the complaint by attaching the proper warranty and amending Count III to allege specifically how that express warranty was breached. Defendant may then have another opportunity to move to dismiss Count III if appropriate.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss, or Alternatively, for Judgment on the Pleadings is hereby DENIED; and

IT IS FURTHER ORDERED that the Thorne Plaintiffs may amend the complaint to

attach the proper warranty and to specifically allege how the Defendant breached that warranty.

Signed: March 24, 2011

Graham C. Mullen
United States District Judge